# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADALL ALLEN, | CASE NO. 1:11-cv-01850 LJO GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| J. HARTLEY, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.   Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Avenal State Prison, brings this lawsuit against defendant correctional officials employed by the CDCR at Avenal State Prison. Plaintiff names as defendants Warden James Hartley and Lieutenant Reifschneider.

Plaintiff's sole claim in this action related to a disciplinary conviction for drug possession. Plaintiff alleges that on March 1, 2011, he was placed in Administrative Segregation (AdSeg) by Lt. Reifschneider . Plaintiff was placed there because a search of his locker revealed that Plaintiff was in possession of heroin. Plaintiff alleges that no field test was performed before placing him in AdSeg. Later testing of the substance revealed that the substance was not heroin, and Plaintiff was released from AdSeg.

**A.   Placement in AdSeg**

Plaintiff's central claim is that placement in AdSeg before the substance found in his locker was field tested constitutes a due process violation. If the punishment that resulted from the discovery of the substance was placement in segregated housing, and Plaintiff was not subjected to any credit deprivation, Plaintiff may be able to state a claim for a due process violation if his placement in segregated housing caused him to be subjected to atypical and significant hardships. Sandin v. Conner, 515 U.S. 472, 484 (1995) holds that a prisoner has a federal liberty interest in

being free from confinement changes that impose an "atypical and significant hardship ... in relation to the ordinary incidents if prison life." The Ninth Circuit interprets Sandin to mean that confinement in a disciplinary segregation unit for non-punitive reason does not implicate a liberty interest because such segregation falls within the terms of confinement ordinarily contemplated by a prison sentence, May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), while placement in a security housing unit (SHU) for disciplinary reasons implicates federal liberty interests if conditions in the SHU materially differ from conditions faced by inmates in purely discretionary segregation, such as administrative segregation or protective custody, or if SHU conditions, as compared with conditions in the general population, create a "major disruption" in the prisoner's environment. Resnick v. Hayes, 200 F.3d 641, 646 (9th Cir. 2000). If plaintiff was not deprived of time credits as a result of the disciplinary violation in question, the due process deprivation claim is deficient because the complaint does not include any facts that explain why the actions of any defendant caused plaintiff to be subjected to atypical and significant hardships, as compared to those hardships faced by other inmates.

Because Placement in AdSeg does not in and of itself constitute a due process violation, the complaint must be dismissed. Plaintiff will, however, be granted leave to file an amended complaint. Plaintiff should indicate whether or not he was charged with a violation, whether he had a hearing, and whether he was deprived of any credits. Plaintiff must also allege facts indicating that his placement in AdSeg was atypical and significant as that term is defined above.

Further, Plaintiff names as a defendant Warden Hartley. Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.

2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff fails to allege any facts indicating personal participation by Warden Hartley. He should therefore be dismissed.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended

4

complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:** **September 13, 2012**         /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE