UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADALL ALLEN,<br><br>            Plaintiff,<br><br>     vs.<br><br>J. HARTELY, et al.,<br><br>            Defendants. | 1:11-cv-01850-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAIILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br>(Doc. 12.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.      BACKGROUND**

Adall Allen ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On November 7, 2011, Plaintiff filed the Complaint commencing this action.  (Doc. 1.)  On September 13, 2012, the Court dismissed the Complaint for failure to state a claim, with leave to amend.   (Doc. 10.)  On October 15, 2012, Plaintiff filed the First Amended Complaint, which is now before the Court for screening.  (Doc. 12.)

///

///

///

**II.     SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

**III.    SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is presently incarcerated in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Folsom State Prison in Represa, California.  The events at issue in the First Amended Complaint occurred at Avenal State Prison (ASP), Avenal,

///

California, when Plaintiff was incarcerated there. Plaintiff names only one defendant, Lieutenant R. Reifschneider ("Defendant"). Plaintiff factual allegations follow.

On March 1, 2011, at ASP, Plaintiff was searched by Defendant. During the search, a substance was found which was alleged to be heroin by Defendant. No field tests were ever conducted on the substance. Plaintiff was accused of having heroin for sale and distribution. Plaintiff asked Defendant why he couldn't conduct a field test, and Defendant said he was not qualified to perform the test, and the test would be performed the next day. Plaintiff contends that Defendant was qualified to perform the test.

Plaintiff was placed in administrative segregation (Ad-Seg) pursuant to Defendant's order, in violation of Plaintiff's rights to due process. Defendant failed to submit his lock-up order to the Captain within twenty-four hours, and to hold a hearing within ninety-six hours, in violation of CDCR regulations. Plaintiff suffered cruel and unusual punishment by being arbitrarily placed in Ad-Seg. This action resulted in Plaintiff losing his job, his pay number, and his privileges.

Plaintiff requests as relief compensatory and punitive damages, and payment of court costs and fees.

### IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

### A.     Due Process

Plaintiff claims that Defendant violated his rights to due process by disciplinary action. The Due Process Clause protects prisoners from being deprived of life, liberty, and property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

#### *Detention in Ad-Seg*

The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was

within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff fails to establish the existence of a protected liberty interest in remaining free from Ad-Seg.

### *Prison Job, Other Privileges*

Plaintiff alleges that Defendant's violations of due process resulted in Plaintiff losing his job at the prison, his pay number, and other privileges. Plaintiff does not have a liberty interest in his prison job, Sandin, 515 U.S. at 484, nor does Plaintiff have a property interest in his prison job, see Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Moreover, the Supreme Court has concluded that prisoners have no liberty interest in not losing privileges. See Baxter v. Palmigiano, 425 U.S. 308, 323, 96 S.Ct. 1551(1976);

Because Plaintiff has neither a liberty interest nor a property interest in his prison job, or a liberty interest in other privileges, Plaintiff was not entitled to any procedural due process protections in conjunction with these losses. Accordingly, Plaintiff's allegations fail to give rise to a due process claim with regard to the loss of his prison job or loss of other privileges.

### B.     Conditions of Confinement Claim – Eighth Amendment

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve

the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)).

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id.

"An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 2010) cert. denied, 514 U.S. 1065 (1995). The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "'the minimal civilized measure of life's necessities.'" Id. (quoting Farmer, 511 U.S. at 834. To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer, at 839-40.

Plaintiff fails to state a claim against Defendant for adverse conditions of confinement under the Eighth Amendment. Plaintiff has not alleged facts demonstrating that Defendant knowingly disregarded a substantial risk of harm to Plaintiff's health or safety. Plaintiff's

reliance upon legal conclusions does not support a plausible claim for relief. Iqbal, 556 U.S. at 678.

      C.      **State Law Claims**

Plaintiff seeks to hold Defendant liable for false imprisonment and violation of CDCR regulations. Violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court fails to find any cognizable federal claims in the First Amended Complaint. Therefore, Plaintiff's claims for false imprisonment and violation of CDCR regulations fails.

## V. CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against Defendant Reifschneider. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any defendant which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983; and

2. This dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 23, 2013**                              **/s/ Gary S. Austin**
                                                                     UNITED STATES MAGISTRATE JUDGE